**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No: 1:14-cv-00231-RPM

AMANDA P. SCOTT, an individual;
HEIDI ANDERSON, an individual

      Plaintiffs,

v.

LOTUS SCHOOL FOR EXCELLENCE INC,
a Nonprofit Corporation; ADNAN DOYURAN, an individual

      Defendants.

---

## PROTECTIVE ORDER

---

**THIS COURT**, having reviewed the Stipulated Motion for Protective Order, and being fully advised in the premises;

**FINDS** that good cause has been shown for the entry of a Protective Order herein;

**IT IS THEREFORE ORDERED** as follows:

1.    The parties have identified categories of documents that are subject to this Protective Order:

      a.    Personnel and employment information of former and current employees at the Lotus School of Excellence;

      b.    Proprietary business information of the Lotus School of Excellence;

    c. Financial information of former and current employees at the Lotus School of Excellence.

2. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed in this civil action pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

3. As used in this Protective Order, "Document" is defined as provided by Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

4. This Protective Order does not constitute a global waiver by any party as to whether any confidential or privileged information is discoverable, but rather, is a mechanism by which confidential information that is disclosed is prevented from being used for any purpose outside this litigation by any party.

5. A party who provides, serves, discloses or files any Document in connection with this civil action, and who in good faith believes such Documents is subject to the Protective Order, as identified by the categories in Para. 1, may designate such Document as "Confidential." The Document so designated shall be deemed "Confidential Material" subject to this Protective Order.

6. Any Document subject to this Protective Order shall be used solely for the purposes of this action, and shall not, without the consent of the party producing it or further Order of the Court, be made available or disclosed to persons other than "qualified persons." "Qualified person" as used herein means:

    a. The parties and officers, directors or employees of a party;

    b. Attorneys actively working on this case and persons regularly employed or associated with the attorneys actively working on the case;

    c. Expert witnesses and consultants retained by the parties;

    d. Court officials involved in this action, including the Court and its staff, court reporters, persons operating video recording equipment at depositions, any Special Master or Referee appointed by the Court, and any Appellate Court and its staff;

    e. Jurors and any alternate jurors in this action;

    f. Actual or potential deposition witnesses or trial witnesses in this action who execute the attached Exhibit A; and.

    h. and other persons by written agreement of the parties who execute the attached Exhibit A.

7. Prior to disclosing any Confidential Material to any person listed in Para. 6(f) and (h), counsel shall provide such person with a copy of this Protective Order and have such person execute a copy of Exhibit A acknowledging that he or she has read this Protective Order and agreed to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

8. Any Qualified Person provided with confidential Documents shall be informed of this Protective Order and shall be subject to its terms.

9. Documents are designated as Confidential Material by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

10. Responses to discovery requests are designated as CONFIDENTIAL by imprinting the word "CONFIDENTIAL" next to or above the response.

11. Whenever a deposition involves the disclosure of Confidential Material, the deposition or portions thereof may be designated as Confidential and subject to this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as Confidential after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript. The cover page, those portions of the original transcripts that contain confidential material shall bear the legend "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER," and shall be bound separately from the non-confidential portions of the transcript. Any deposition exhibits designated confidential shall also be bound separately.

12. A party may object to the designation of particular Documents as Confidential Material by giving written notice to the party designating the disputed information. The written notice shall identify the information to which objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as confidential to file an appropriate motion

requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Protective Order. In connection with any motion filed under this provision, the party designating the information as confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

13. If any party receives process such as a subpoena or deposition notice that does or may call for the disclosure of such confidential material protected by this Protective Order, that party shall promptly provide notice to all other parties in order to provide such other parties the opportunity to respond to or defend against such requested disclosure.

14. If any party desires to file confidential material with this Court, the substance of confidential material shall not be disclosed in any court filing, and the confidential document or documents shall be filed under seal, referencing this Protective Order as the basis for the filing under seal.

15. Upon the final resolution of this action, all nonparties to this action (such as retained experts) shall destroy and not retain all confidential information that may have been provided to them.

16. This Protective Order shall bind the parties and their attorneys and it shall be submitted to the Court to be made an Order of the Court. The Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

17. If a party seeks to introduce confidential material into evidence at trial, that party shall promptly inform the Court of the confidential nature of the information and request that only the Court and those persons permitted access to such information under this Protective Order be present during the presentation of such evidence.

18. If information designated pursuant to this Protective Order is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for that disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of all interested parties, without prejudice to other rights and remedies of the designating party, and shall make every effort to prevent further improper disclosure.

19. The terms of this Protective Order shall survive the termination of this litigation.

Dated this  13th  day of November, 2014.

BY THE COURT:

s/Richard P. Matsch
_____
Richard M. Matsch
United States Magistrate Judge

6

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No: 1:14-cv-00231-RPM

AMANDA P. SCOTT, an individual;
HEIDI ANDERSON, an individual

    Plaintiffs,

v.

LOTUS SCHOOL FOR EXCELLENCE INC,
a Nonprofit Corporation; ADNAN DOYURAN, an individual

    Defendants.

---

**EXHIBIT A TO PROTECTIVE ORDER – CONFIDENTIALITY AGREEMENT**

---

I, _____(please print), the undersigned, being duly sworn, hereby acknowledge that I have read the Protective Order issued by the Court in the above captioned civil action and I understand the terms and conditions of such Protective Order governing the restricted use of information and materials provided to me for the sole purposes of the above captioned action, and hereby agree to keep all such information and materials strictly and absolutely confidential, and in all other respects to be bound by the terms of the Protective Order.

My current address and telephone number is: _____

7

                                               _____

                                               _____

                                               _____
                                               Signature

STATE of _____ )

                              )ss.

COUNTY of _____ )


       The foregoing Confidentiality Agreement was sworn and acknowledged to before me by _____ on this _____ day of _____, 201_____.


Witness my hand and official seal.


       [S E A L]                                                        _____

                                                                  Notary Public

My commission expires:_____